Argued and submitted November 5, 1990, affirmed June 19, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JERRY EARL WEEKS,
*Appellant.*

## (C8903-31180; CA A62536)

813 P2d 1066

Stephen Shurin, Portland, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for delivery of a controlled substance, ORS 475.992, and contends that the court should have suppressed an audio and video recording of the drug transaction. We affirm.

The principal evidence offered by the state was a video tape of a drug transaction between defendant, another individual and a police informant in a motel room. The video taping was authorized by an *ex parte* order obtained under ORS 165.540(5)(a) and ORS 133.726. The order authorized the officers or someone under their direct control surreptitiously to record conversations of seven named individuals "and their associates." The application for the order was supported by an affidavit of a police officer.

Defendant makes essentially one argument in support of his single assignment of error. He contends that he is not one of the persons named in the order and that the state has not proven that he is an associate of any of the named individuals. It follows, he argues, that recording his conversation and actions is not authorized by the order.

The state argues that that contention was not raised in the trial court and should not be addressed on appeal. We agree. Defendant's written motion recites a list of generic grounds for suppression of evidence without much specificity. The written arguments submitted with the motion relate only to the affidavit submitted to obtain the *ex parte* order. Defendant presented no evidence on the motion to suppress, and his oral argument was limited to an attack on the affidavit. The argument that he makes on appeal was not presented or in any way suggested by the written or oral presentation. As the state points out, had the issue been raised and litigated, the state could have presented evidence about defendant's claim that he was not associated with the named individuals.

Because the only issue presented on appeal was not preserved in the trial court, we decline to consider it. ORAP 5.45(2).

Affirmed.